UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EF EXPLORE AMERICA, INC.,

Plaintiff,

v.

U.S. SECURITY ASSOCIATES, INC.,

Defendant.

CASE NO.: 1:19-cv-10637

**COMPLAINT AND JURY DEMAND**

Plaintiff EF Explore America, Inc. ("Plaintiff") hereby brings this Complaint for declaratory relief, breach of contract, and damages against Defendant U.S. Security Associates, Inc. ("U.S. Security"). U.S. Security provided overnight security guard protection services in New Jersey on June 12, 2017, for educational tour participants, pursuant to a contract with Plaintiff dated November 2, 2015 (the "Contract"), a copy of which is attached as *Exhibit 1*.[1] A minor tour participant accused one of the employees of U.S. Security, who was acting as a security guard (the "Employee"), of engaging in improper behavior with him. The Employee later pleaded guilty to related criminal charges and is currently incarcerated. As a result, Plaintiff has been named in a lawsuit brought by the minor tour participant's parent in the United States District Court for the District of New Jersey (the "Lawsuit"). Pursuant to the terms of the Contract, including but not limited to the indemnification provision in Section 11.1, U.S. Security is obligated to defend and indemnify Plaintiff against any and all claims arising from the incident.

[1] As explained herein, the Contract was between EF and McRoberts Protective Agency. U.S. Security acquired McRoberts Protective Agency prior to the tour at issue, assumed the Contract, and provided overnight security guard protection services pursuant to the Contract.

Accordingly, pursuant to the terms of the Contract, Plaintiff seeks a judgment against U.S. Security: i) awarding Plaintiff damages in the amount it has incurred defending the Lawsuit; ii) declaring that U.S. Security is obligated to defend and indemnify Plaintiff against any and all claims arising from the incident; and iii) awarding Plaintiff damages for U.S. Security's failure to accept Plaintiff's tender of defense.

## I. PARTIES

1. Plaintiff EF Explore America, Inc. is a California corporation with its principal office located at Two Education Circle, Cambridge, MA 02141.

2. Defendant U.S. Security Associates, Inc. is a Delaware corporation with its principal place of business located at 200 Mansell Court-Suite 500, Roswell, Georgia 30076.

## II. JURISDICTION AND VENUE

3. The United States District Court for the District of Massachusetts has original jurisdiction over this case pursuant to the provisions of 28 U.S.C. § 1291 and 28 U.S.C. § 1332 because the amount in controversy exceeds the sum of $75,000.00 and this matter involves citizens of different states.

4. Venue is proper under 28 U.S.C. §§ 1391(b)(2) and (3) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and the Plaintiff and U.S. Security agreed in Section 15.1 of the Contract to venue and jurisdiction in this judicial district.

5. The District Court is authorized to grant declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to Rule 57 of the Federal Rules of Civil Procedure.

## III. STATEMENT OF FACTS

**The Contract**

6. Plaintiff and McRoberts Protective Agency entered into the EF Explore America Security Service Agreement dated November 2, 2015 (the "Contract"), a true and accurate copy of which is attached hereto as *Exhibit 1*.

7. U.S. Security acquired McRoberts Protective Agency prior to the tour at issue, assumed the Contract, and provided overnight security guard protection services pursuant to the Contract.

8. U.S. Security was obligated under the Contract to provide overnight security guard protection services for individuals participating in EF educational tours between October 1, 2015 until December 31, 2017.

9. U.S. Security was obligated under the Contract to provide high-quality overnight security guard protection services that included, but were not limited to, the following:

a. services of high professional standard;

b. services that assure the safety of EF's customers;

c. U.S. Security employees assigned to work shall perform in a professional manner;

d. U.S. Security employees assigned to work shall be qualified, trained, bonded, and pass criminal and sex offender registry checks; and

e. U.S. Security shall comply with all applicable State and Federal laws in connection with the provision of services.

10. Section 6.1 of the Contract stated in relevant part as follows:

> The Security Company agrees that the performance of work and services pursuant to the requirements of this Contract shall conform to the highest professional

standards. The Security Company and its employees shall conform to all applicable laws, regulations and local ordinances. All personnel furnished by the Security Company for the performance of services hereunder shall at all times be solely in the employment of the Security Company.

11. Section 11.1 of the Contract stated as follows:

The Security Company agrees to indemnify and hold EF harmless from and against any and all claims, costs, expenses or damage resulting from failure of the Security Company its affiliates to perform any of its obligations in this Agreement or otherwise caused by the Security Company or its affiliates or resulting from any act or omission of the Security Company or its affiliates. As used herein, affiliates of the Security Company shall include officers, directors, subsidiaries, employees, agents and sub-contractors.

12. Section 12.1 of the Contract stated as follows:

For the duration of this Contract, the Security Company shall purchase and maintain such insurance as will protect the Security Company, from claims set forth below, which may arise from operations under this Contract by the Security Company or by a subcontractor of the Security Company or by anyone directly or indirectly employed by any of them, or by anyone for whose acts they may be liable. The Security Company is required to carry insurance with limits equal to or greater than those set forth in the Table below:

| | |
|---|---|
| Worker's Compensation | Statutory Limits or $500,000, whichever is greater, based on the benefits levels of the deemed state of hire |
| Employer's Liability | $1,000,000 Bodily Injury by Accident Per Employee |
| | $1,000,000 Bodily Injury by Disease Per Employee |
| | $1,000,000 Bodily Injury by Disease Policy Limit |
| Umbrella/Excess Liability | $10,000,000 Each Occurrence |
| | $10,000,000 Aggregate, per Project |

- Insurance Company name(s)

    The Mechanic Group

- Insurance Policy number(s)

  203058014

13. Section 15.1 of the Contract stated as follows:

> This Agreement shall take effect as a sealed instrument under and governed by the laws of the Commonwealth of Massachusetts, without regard to the conflict of law principles of Massachusetts or any other jurisdiction. In the event of any claim, dispute or proceeding arising out of the relationship of the Coach Company and EF, or any claim which in contract, tort, or otherwise at law or in equity arises between the parties, whether or not related to this agreement, the parties submit and consent to the exclusive jurisdiction and venue of the courts of the Commonwealth of Massachusetts and of the United States District Court for the District of Massachusetts.

**The Incident and Lawsuit**

14. On June 12, 2017, U.S. Security provided overnight security guard protection services in New Jersey for educational tour participants pursuant to the Contract.

15. A minor tour participant accused the Employee of engaging in improper behavior with him on or around June 12, 2017.

16. The Employee pleaded guilty to related criminal charges and is currently incarcerated.

17. As a result, Plaintiff has been named in the Lawsuit.

18. The plaintiff in the Lawsuit named Plaintiff, U.S. Security, Holiday Hospitality Franchising, Inc., and Holiday Clark LLC as defendants. The plaintiff alleges in the Lawsuit that the Employee engaged in inappropriate behavior with her minor son. The plaintiff in the Lawsuit alleges negligence against all defendants. The plaintiff alleges in the Lawsuit, among other things, that U.S. Security was negligent in hiring, supervising, and vetting the Employee and that such negligence cause the damages suffered by her and her minor son.

19. Plaintiff has incurred and will continue to incur substantial costs defending itself against the claims.

20. Despite demand, U.S. Security has failed to defend and indemnify Plaintiff in connection with the Lawsuit.

## IV. Claims

### COUNT I
(Declaratory Judgment—Duty to Defend and Indemnify)

21. Plaintiff realleges its allegations contained in paragraphs 1 through 20 above, and incorporates them as if fully stated herein.

22. Under the Contract, U.S. Security is obligated to defend Plaintiff and to pay those sums that Plaintiff becomes legally obligated to pay as damages in the Lawsuit. No exclusion or other provision of the Contract restricts such obligation.

23. Plaintiff is entitled to a declaration that, pursuant to the Contract, U.S. Security has a duty to defend and indemnify Plaintiff in connection with the Lawsuit and any claims arising from the incident.

### COUNT II
(Contractual Indemnification)

24. Plaintiff realleges its allegations contained in paragraphs 1 through 23 above, and incorporates them as if fully stated herein.

25. Under the Contract, U.S. Security is obligated to defend, indemnify, and hold Plaintiff harmless against claims costs, expenses or damage resulting from the failure of U.S. Security or its affiliates to perform any of its obligations under the Contract or otherwise caused by U.S. Security or its affiliates or resulting from any act or omission of U.S. Security or its affiliates. Under the Contract, “affiliates” of U.S. Security include officers, directors, subsidiaries, employees, agents and sub-contractors.

26. The claims asserted against Plaintiff in the Lawsuit result from i) U.S. Security, its affiliates, including employee's failure to perform the obligations in the Contract; and/or ii) U.S. Security, its affiliates, or employee's acts or omissions.

27. Pursuant to the Contract, U.S. Security is obligated to indemnify, and hold Plaintiff harmless against claims, damages, losses, and expenses, including but not limited to attorneys' fees, in connection with the Lawsuit and any claims arising from the incident.

## COUNT III
(Common Law Indemnification)

28. Plaintiff realleges its allegations contained in paragraphs 1 through 27 above, and incorporates them as if fully stated herein.

29. The claims asserted by the plaintiff in the Lawsuit arise out of U.S. Security's provision of overnight security guard protection services in New Jersey for educational tour participants.

30. If the plaintiff in the Lawsuit and/or her minor son sustained injuries alleged in the Lawsuit, those injuries and damages were proximately caused by the tortious conduct of U.S. Security and not by any tortious conduct of Plaintiff.

31. Plaintiff may be exposed to derivative or vicarious liability for the wrongful acts or omissions of U.S. Security, and have been obligated to defend the plaintiff's claims in the Lawsuit as a result of the wrongful acts or omissions of U.S. Security.

32. If Plaintiff is found to be liable for damages in the Lawsuit, which Plaintiff expressly denies, then Plaintiff is entitled to judgment against U.S. Security for indemnification and any damages and costs to Plaintiff.

COUNT IV
(Contribution)

33. Plaintiff realleges its allegations contained in paragraphs 1 through 32 above, and incorporates them as if fully stated herein.

34. The claims asserted by the plaintiff and the other parties in the Lawsuit against Plaintiff arise out of U.S. Security's provision of overnight security guard protection services in New Jersey for educational tour participants.

35. If the plaintiff and/or the other parties in the Lawsuit sustained injuries and damages as alleged in the Lawsuit, those injuries and damages were proximately caused by the tortious conduct of U.S. Security and not Plaintiff.

36. If Plaintiff is found to be liable for damages, which Plaintiff expressly denies, then U.S. Security is also liable as a joint tortfeasor or otherwise, and Plaintiff is entitled to contribution from U.S. Security pursuant to G. L. c. 231B.

COUNT V
(Breach of Contract)

37. Plaintiff realleges its allegations contained in paragraphs 1 through 36 above, and incorporates them as if fully stated herein.

38. Plaintiff paid the price for services and other consideration provided for in the Contract for U.S. Security's promise of indemnification, a defense, and U.S. Security's other obligations contained in the Contract.

39. The Contract is an enforceable binding contract.

40. U.S. Security has breached its obligations under the Contract by, among other things, denying that it is obligated to indemnify and defend Plaintiff in the Lawsuit under the Contract.

41. U.S. Security breached its obligations under the Contract when, among other things, the Employee failed to comply with the provisions of the Contract and the law.

42. As a result of U.S. Security's breach of the Contract, Plaintiff has suffered and will continue to suffer significant monetary damages, including without limitation, the costs to defend the Lawsuit, pay any eventual judgment, and assert claims in the instant lawsuit.

COUNT VI
(Violation of G.L. c. 93A, §§ 2 and 11)

43. Plaintiff realleges its allegations contained in paragraphs 1 through 42 above, and incorporates them as if fully stated herein.

44. U.S. Security has engaged in unfair or deceptive trade acts or practices through its aforementioned actions and by, among other things, denying that it is obligated to defend Plaintiff and to pay those sums that Plaintiff becomes legally obligated to pay as damages in the Lawsuit and compelling Plaintiff to institute litigation to receive a defense and indemnification.

45. U.S. Security's acts or practices were unreasonable and in bad faith.

46. As a result of the foregoing unfair or deceptive trade acts or practices, U.S. Security has violated G.L. c. 93A, §§ 2 and 11.

47. As a result of the foregoing willful and knowing unfair or deceptive trade acts or practices, U.S. Security has violated G.L. c. 93A, §§ 2 and 11.

48. Plaintiff is entitled to damages and attorney's fees as a result of U.S. Security's violation of G.L. c. 93A, §§ 2 and 11, such damages to be trebled because Guarantee's acts were willful and knowing.

**Prayers for Relief**

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

a. Declaring that, under the Contract, U.S. Security is obligated to defend and indemnify Plaintiff in connection with any and all claims arising out of the allegation of inappropriate behavior of the U.S. Security employee on or around June 12, 2017, including the claims made in the Lawsuit filed in the United States District Court for the District of New Jersey;

b. Finding U.S. Security liable under Plaintiff's claims in Counts I-VI above and awarding Plaintiff damages under those counts;

c. Finding U.S. Security liable under Plaintiff's claims in Count VI and awarding Plaintiff damages under that count, such damages to be trebled pursuant to G.L. c. 93A, § 11;

d. Awarding Plaintiff attorneys' fees pursuant to G.L. c. 93A, § 11 and other costs of litigation;

e. Awarding Plaintiff attorneys' fees and other costs of this litigation; and

f. Awarding Plaintiff such other relief as this Honorable Court deems just and proper.

**JURY DEMAND**

Plaintiff requests a jury trial on all issues so triable.

Respectfully Submitted,
EF EXPLORE AMERICA, INC.,
By its counsel,

/s/ Jeffrey P. Allen

Jeffrey P. Allen BBO #015500
E-mail: jallen@lawson-weitzen.com
Donald J. Gentile BBO #672657
E-mail: dgentile@lawson-weitzen.com
LAWSON & WEITZEN, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

Dated: April 4, 2019